IN THE UNITED STATES COURT OF APPEALS
FOR THE FEDERAL CIRCUIT

KEITH RUSSELL JUDD,               )
                                  )
          Plaintiff-Appellant,    )
                                  )
     v.                           )          2017-1397
                                  )
UNITED STATES,                    )
                                  )
          Defendant-Appellee.     )

DEFENDANT-APPELLEE'S RESPONSE
TO PLAINTIFF-APPELLANT'S MOTION FOR
SUMMARY REVERSAL, AND MOTION TO DISMISS
OR FOR SUMMARY AFFIRMANCE, AND APPENDIX

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and of this Court, defendant-appellee, the United States, respectfully responds to the motion of plaintiff-appellant, Keith Russell Judd, for summary reversal. We also respectfully move for the Court to dismiss the appeal as frivolous, or, in the alternative, for summary affirmance.

STATEMENT OF THE CASE

I.    Nature Of The Case

Mr. Judd appeals a final judgment and a denial of a motion for reconsideration, both issued by the United States Court of Federal Claims. The trial court dismissed Mr. Judd's claims for lack of subject matter jurisdiction, and also found that he had failed to state a claim. Appx7. In a subsequent order, the trial court denied Mr. Judd's motion for reconsideration. Appx9.

II.    Statement Of Facts And Course Of Proceedings Below

A.    Mr. Judd's History Of Vexatious Litigation

Mr. Judd is a serial litigant who has repeatedly burdened this and many other courts with frivolous or meritless lawsuits.  On September 10, 2008, this Court issued an order stating that "[i]f Judd files a notice of appeal with the clerk of a district court and seeks review by this court, and if Judd is not represented by counsel, Judd must attach to the notice of appeal a motion for leave to proceed pro se in this court" and that, if Judd appeals a judgment of the Court of Federal Claims, the motion for leave to proceed *pro se* "must state why he believes that there is an appealable order or judgment."  *Judd v. Obama*, 2008-1278, slip op., at *7-8 (Fed. Cir. Sept. 10, 2008).[1]  The Court also stated that "Judd is warned that filing a frivolous motion for leave, or failure to file a motion for leave, may subject him to significant monetary sanctions for refusal to comply with this order."  *Id.*

Mr. Judd has a history of vexatious and frivolous litigation in other courts, as well.  He filed at least 10 "abusive" appeals in the Court of Appeals for the Tenth Circuit before that court imposed filing restrictions.  *Judd v. University of New Mexico*, 204 F.3d 1041, 1043-44 (10th Cir. 2000).  The Tenth Circuit found in 2000 that Mr. Judd had been a party to at least 66 appeals in the Court of Appeals

---

[1]  Our description of the September 8, 2008 order is drawn from this Court's show-cause order in *Judd v. United States*, No. 16-1212 (Fed. Cir. Nov. 24, 2015). Appx12-13.

for the Fifth Circuit. *Id.* at 1044 n.5. Between his criminal conviction in 1999 and 2002, Mr. Judd had filed more than 200 civil actions and appeals in courts around the country, more than a dozen of which were dismissed at the outset as frivolous. *Judd v. Furgeson*, 239 F. Supp.2d 442, 443 n.1 (D.N.J. 2002).

At least six courts in addition to this Court have imposed either filing restrictions or restrictions under the three-strikes law, codified at 28 U.S.C. § 1915(g).[2] These courts include the United States Supreme Court, the District of Columbia Circuit, the Fifth Circuit, the Tenth Circuit, the District Court for the District of New Jersey, and the Court of Federal Claims. *See, e.g.*, *Judd v. United States Dist. Court for Western Dist. of Texas*, 528 U.S. 5, 5 (1999) (identifying 12 frivolous filings and finding that "Judd has abused this Court's certiorari and extraordinary writ processes."); *Judd v. Lappin*, 2004 WL 3019537, *1 (D.C. Cir. 2004) (denying Mr. Judd *in forma pauperis* status under 28 U.S.C. § 1915(g)); *Judd v. Winn*, 81 Fed. App'x. 479, 480 (5th Cir. 2003) ("Judd's current action is just the latest of scores of frivolous attempts to challenge [his criminal conviction]."); *Judd*, 204 F.3d at 1043-44 ("Mr. Judd's filings in this court have been repetitive, frivolous and malicious."); *Furgeson*, 239 F.Supp.2d at 447 (denying motion to proceed *in forma pauperis*); *Judd v. United States*, No. 05-

---

[2] Mr. Judd has paid the filing fee for this appeal.

726C, 2005 WL 6112661, at *4 (Fed. Cl. Dec. 9, 2005) (directing that Mr. Judd be denied *in forma pauperis* status under 28 U.S.C. § 1915(g)).

Mr. Judd's abuse of the judicial system continues. Mr. Judd also has filed several appeals from the Court of Federal Claims dismissal of his claims in *Judd v. United States*, No. 15-586 (Fed. Cl.). *See Judd v. United States*, No. 16-1212 (Fed. Cir.); *Judd v. United States*, No. 16-2261 (Fed. Cir.); *Judd v. United States*, No. 17-1261 (Fed. Cir.). On July 12, 2016, Mr. Judd initiated a new action in the Court of Federal Claims, captioned *Judd v. United States*, No. 16-824 (Fed. Cl.). That case was dismissed on September 4, 2016. Mr. Judd appealed, and on November 30, 2016, this Court summarily affirmed the trial court's dismissal. *Judd v. United States*, No. 16-2697 (Fed. Cir.).

B.      The Trial Court's Dismissal Of The Action

On September 29, 2016, Mr. Judd initiated *Judd v. United States*, No. 16-1230 (Fed. Cl.). Mr. Judd's complaint sought "recovery of the $400.00 penalty that the Internal Revenue Service illegally exacted and retained, under the Affordable Care Act, 26 U.S.C. § 5000A(g)(1), as an illegal exaction, and for health care." Appx14. On October 14, 2016, the trial court *sua sponte* ordered that Mr. Judd's complaint be dismissed. Appx7. The trial court held that the court lacked subject matter jurisdiction over Mr. Judd's claims. Appx4-6. The trial court considered three alternative theories of jurisdiction: a traditional tax refund

claim under 28 U.S.C. § 1346(a)(1), a traditional tax refund claim under 28 U.S.C. § 1491, and an illegal exaction claim under 28 U.S.C. § 1491. It found that Mr. Judd had failed to establish jurisdiction under any of these claims. Appx4-6. Judgment was subsequently entered. Appx1.

On November 2, 2016, Mr. Judd moved for reconsideration and to enjoin collection of his Affordable Care Act penalty. The trial court denied his motion for reconsideration on November 8, 2016, on the grounds that Mr. Judd had failed to identify any manifest errors of law or mistakes of fact. Appx8-9. The trial court denied the motion for an injunction as moot. Appx9.

## ARGUMENT

I.    Mr. Judd's Motion For Summary Reversal Should Be Denied

Mr. Judd has moved for summary reversal. Summary disposition of a case "is appropriate, *inter alia*, when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists." *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Mr. Judd's position is not so clearly correct as to warrant summary reversal. To the contrary, his position is frivolous.

Mr. Judd's argument on appeal is that the Court of Federal Claims has jurisdiction over his illegal exaction claim. (He does not dispute the trial court's

conclusion that it does not possess subject matter jurisdiction under a tax refund claim theory, pursuant to 28 U.S.C. § 1346(a)(1) or 28 U.S.C. § 1491.)

Mr. Judd's illegal exaction argument is unavailing. The trial court quoted *Norman v. United States*, 429 F.3d 1081 (Fed. Cir. 2005) for the proposition that, in pleading an illegal exaction, "'a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by necessary implication, that the remedy for its violation entails a return of money unlawfully exacted.'" Appx6 (quoting *Norman*, 429 F.3d at 1095). The trial court concluded that Mr. Judd had not alleged that the remedy for a violation of the Affordable Care Act entailed a return of the money unlawfully exacted. Appx6. Thus, the court lacked jurisdiction.

Mr. Judd does not even acknowledge this holding, much less dispute it. He does not argue that he has identified any part of the Affordable Care Act that entails a return of the money he alleges to have been unlawfully exacted. The trial court was correct to dismiss his illegal exaction claim for lack of subject matter jurisdiction, and that dismissal should be affirmed.

Moreover, the trial court also held that Mr. Judd also failed to state a claim, even assuming the existence of subject matter jurisdiction. The court explained that an illegal exaction suggests an "illegal" action, and that the penalty at the heart of Mr. Judd's complaint has been upheld by the United States Supreme Court as a

lawful exercise of Congressional taxing power.  Appx6-7.  Mr. Judd does not

address this alternative holding.  The trial court was clearly correct, based upon the

Supreme Court's holding in *National Federation of Independent Business v.

Sibelius*, 132 S. Ct. 2566 (2012), and the Court may also affirm dismissal for

failure to state a claim.

The trial court also was correct to deny Mr. Judd motion for reconsideration.

Mr. Judd failed to identify to the trial court a manifest error of law or mistake of

fact, as was required under Rule 59 of the Rules of the Court of Federal Claims.

Appx8-9.  Mr. Judd does not even argue that the trial court abused its discretion in

denying his motion for reconsideration and denying as moot his motion for an

injunction of the collection of his Affordable Care Act penalty.

II.    The Court Should Dismiss The Appeal As Frivolous

Rather than summarily reversing, the Court should dismiss the appeal as

frivolous.  This Court has inherent authority to dismiss an appeal as frivolous when

the appeal presents no arguably meritorious issue for consideration.  *Labasan v.

Office of Pers. Mgmt.*, 77 F. App'x 527, 528-29 (Fed. Cir. 2003) (nonprecedential);

*accord Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989)

(28 U.S.C. § 1915(d) authorizes federal courts to dismiss frivolous claim filed *in

forma pauperis*, but there is "little doubt they would have power to do so even in

the absence of this statutory provision").

An appeal is frivolous when an appellant grounds his appeal on arguments or issues that are "beyond the reasonable contemplation of fair-minded people." *Abbs v. Principi*, 237 F.3d 1342, 1345 (Fed. Cir. 2001). Moreover, an appeal as to which "no basis for reversal in law or fact can be or is even arguably shown" is frivolous. *State Indus., Inc. v. Mor–Flo Indus., Inc.*, 948 F.2d 1573, 1578 (Fed. Cir. 1991). Such an appeal unnecessarily wastes the limited resources of the Court as well as those of the appellee. *Id.*

For the reasons set forth above in our argument in opposition to Mr. Judd's motion for summary reversal, the Court of Federal Claims applied the correct law and acted well within its discretion in determining that Mr. Judd had not established that court's subject matter jurisdiction. Mr. Judd's arguments to the contrary are frivolous, and his appeal should be dismissed.

III.    In The Alternative, Summary Affirmance Is Appropriate

Summary affirmance is appropriate where there is no substantial question as to the outcome of an appeal. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). For the reasons we have set forth above, there is no substantial question as to the outcome of this appeal – the trial court's dismissal should be affirmed. Thus, we respectfully request that the Court summarily affirm the trial court's dismissal.

<u>CONCLUSION</u>

For the foregoing reasons, we respectfully request that the Court deny Mr. Judd's motion for summary reversal.  We also respectfully request that the Court dismiss Mr. Judd's appeal as frivolous or summarily affirm the trial court's dismissal.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General


ROBERT E. KIRSCHMAN, JR.
Director


s/Brian A. Mizoguchi
BRIAN A. MIZOGUCHI
Assistant Director


s/Geoffrey M. Long
GEOFFREY M. LONG
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington D.C.  20044
Tel.: (202) 307-0159
Fax: (202) 309-0972
Geoffrey.M.Long@usdoj.gov

January 17, 2017                      Attorneys for Respondent

# APPENDIX

## INDEX TO APPENDIX

Document                                                                                    Page

Judgment, filed October 18, 2016......................................................................Appx1

Dismissal Order, filed October 14, 2016 ..........................................................Appx2

Order Denying Motion for Reconsideration, filed November 8, 2016 ............Appx8

Trial Court Docket Entries.............................................................................Appx10

Order to Show Cause, dated November 24, 2015.........................................Appx12

Complaint, dated September 29, 2016............................................................Appx14

# ORIGINAL

# In the United States Court of Federal Claims

No. 16-1230 C

**FILED**

OCT 1 8 2016

U.S. COURT OF
FEDERAL CLAIMS

**KEITH RUSSELL JUDD**

**JUDGMENT**

v.

**THE UNITED STATES**

Pursuant to the court's Opinion and Order, filed October 14, 2016,

IT IS ORDERED AND ADJUDGED this date, pursuant to Rule 58, that plaintiff's complaint is dismissed, without prejudice for lack of subject matter jurisdiction.

Lisa L. Reyes
Acting Clerk of Court

October 18, 2016

By: _Debra H. Samler_

Deputy Clerk

NOTE: As to appeal, 60 days from this date, see RCFC 58.1, re number of copies and listing of all plaintiffs.  Filing fee is $505.00.

# ORIGINAL

# In the United States Court of Federal Claims

No. 16-01230
(Filed: October 14, 2016)

**FILED**

OCT 1 4 2016

U.S. COURT OF
FEDERAL CLAIMS

|  |  |
|---|---|
| KEITH RUSSELL JUDD, | ) |
| Plaintiff, | ) |
| v. | ) |
| THE UNITED STATES, | ) |
| Defendant. | ) |

### OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

On September 26, 2016, plaintiff Keith Russell Judd (plaintiff or Mr. Judd) filed a complaint in the United States Court of Federal Claims (Court of Federal Claims) to recover monies collected by the Internal Revenue Service (IRS) for the 2015 tax year. Plaintiff alleges that the IRS exceeded its authority when it "charged, collected and retained $400.00" from him "as a penalty for not purchasing [h]ealth [i]nsurance" under the Patient Protection and Affordable Care Act (Affordable Care Act), 26 U.S.C. § 5000A (2010). Compl. 1, 3. Plaintiff characterizes the penalty as an illegal exaction in violation of the Fifth and Tenth Amendments of the United States Constitution, and seeks a refund of $400.00. See Compl. at 1, 5-6. For the reasons more fully explained below, plaintiff's complaint is dismissed for lack of jurisdiction. See Rules of the United States Court of Federal Claims (RCFC) 12(b)(1).

I.     Legal Standards

A.     The Tucker Act

The Court of Federal Claims is a court of limited jurisdiction. Jentoft v. United States, 450 F.3d 1342, 1349 (Fed. Cir. 2006) (citing United States v. King, 395 U.S. 1, 3 (1969)). The Tucker Act confers upon the Court of Federal Claims jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or

7011 0470 0002 5084 3587

upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012). But "[t]he Tucker Act itself does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citation omitted).  A plaintiff seeking relief under the Tucker Act must identify an independent contractual relationship, constitutional provision, federal statute, or executive agency regulation that provides a substantive right to money damages. Wagstaff v. United States, 105 Fed. Cl. 99, 108 (2012); see also Todd v. United States, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act itself."); Roth v. United States, 378 F.3d 1371, 1384 (Fed. Cir. 2004) ("Because the Tucker Act itself does not provide a substantive cause of action . . . a plaintiff must find elsewhere a money-mandating source upon which to base a suit."); United States v. Testan, 424 U.S. 392, 400 (1976) (stating that "the Tucker Act is merely jurisdictional, and grant of a right of action must be made with specificity").

The Court of Federal Claims "may not entertain claims outside this specific jurisdictional authority." Adams v. United States, 20 Cl. Ct. 132, 135 (1990) (citation omitted).  "If the court's conclusion is that the source as alleged and pleaded is not money-mandating, the court shall so declare, and shall dismiss the cause for lack of jurisdiction, a Rule 12(b)(1) dismissal—the absence of a money-mandating source being fatal to the court's jurisdiction under the Tucker Act." Fisher, 402 F.3d at 1173.

Subject-matter jurisdiction, which involves a court's power to hear a case, "can never be forfeited or waived." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006) (quoting United States v. Cotton, 535 U.S. 625, 630 (2002)).  Accordingly, the parties, or the court sua sponte, may challenge the existence of subject-matter jurisdiction at any time. Arbaugh, 546 U.S. at 506.  In evaluating subject-matter jurisdiction, "the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (quoting Shearin v. United States, 992 F.2d 1195, 1195–96 (Fed. Cir. 1993)).

B.    Pro Se Plaintiffs

The Court of Federal Claims holds the pleadings of a pro se plaintiff to less stringent standards than those of litigants represented by counsel. Haines v. Kerner, 404 U.S. 519, 520 (1972) (Pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers.").  Nevertheless, "the leniency afforded to a pro se litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." Zulueta v. United States, 553 Fed. Appx. 983, 985 (Fed. Cir. 2014) (quoting Kelley v. Sec'y, U.S. Dep't of Labor, 812 F.2d 1378,

2

Appx3

1380 (Fed. Cir. 1987)); Bernard v. United States, 59 Fed. Cl. 497, 499 (2004) (noting that pro se plaintiffs are not excused from satisfying jurisdictional requirements). As further explained in Demes v. United States, "[w]hile a court should be receptive to pro se plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." 52 Fed. Cl. 365, 369 (2002).

II.     Discussion

Most of plaintiff's complaint rests on his argument that "[t]his Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491 for recovery of illegal exactions. Also, 28 U.S.C. § 1346(a)(1)." Compl. at 1. Because it has been the tradition of the court to examine the record "to see if [a pro se] plaintiff has a cause of action somewhere displayed," Ruderer v. United States, 412 F.2d 1285, 1292 (1969), this court has liberally construed plaintiff's bare claim to be either: (1) a traditional tax refund claim pursuant to 28 U.S.C. § 1346(a)(1); (2) a traditional tax refund claim pursuant to 28 U.S.C. § 1491; or (3) an illegal exaction claim pursuant to 28 U.S.C. § 1491. As explained below, the court does not have jurisdiction over any of these claims.

A.      The United States Court of Federal Claims Does Not Have Jurisdiction
        Over Plaintiff's Tax Refund Claim Under 28 U.S.C. § 1346(a)(1)

Plaintiff appears to suggest that section 1346(a)(1) provides the court with an independent basis for subject-matter jurisdiction, see Compl. at 1, because it references the Court of Federal Claims' concurrent jurisdiction to hear tax refund claims. However, plaintiff is mistaken. Section 1346(a)(1) confers jurisdiction only on the United States District Courts:

> (a) The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:
>
> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1) (emphasis added). As explained in Hinck v. United States, "[a]lthough this court is mentioned in section 1346(a)(1), . . . this is merely a cross-reference to the Tucker Act and . . . this court's refund jurisdiction derives from the latter provision." 64 Fed. Cl. 71, 76 (2005), aff'd, 446 F.3d 1307 (Fed. Cir. 2006) (quoting Usibelli Coal Mine v. United States, 54 Fed. Cl. 373, 375 n. 6 (2002)"; Fry v. United States, 72 Fed. Cl. 500, 505 (2006); see also Doe v. United States, 372 F.3d 1308, 1312 (Fed. Cir. 2004) (distinguishing the Little Tucker Act, 28 U.S.C. § 1346, from the Tucker

Act, 28 U.S.C. § 1491). Therefore, the court does not have jurisdiction over Plaintiff's claims under 28 U.S.C. § 1346(a)(1).

      B.     The United States Court of Federal Claims Does Not Have Jurisdiction Over Plaintiff's Tax Refund Claim Under 28 U.S.C. § 1491

     A tax refund claimant may bring an action before this court to recover that amount alleged to have been improperly collected or withheld by the Government. See e.g., City of Alexandria v. United States, 737 F.2d 1022, 1028 (Fed. Cir. 1984); see also 28 U.S.C. § 1491(a); New York Life Ins. Co. v. United States, 118 F.3d 1553, 1558 (Fed. Cir. 1997) (affirming the jurisdiction of the Court of Federal Claims over a suit concerning a federal tax refund). To maintain such an action, three additional jurisdictional prerequisites must be satisfied as well. First, the claimant must have made full payment of the tax, penalties, and interest at issue. Fry, 72 Fed. Cl. at 510; Artuso v. United States, 80 Fed. Cl. 336, 338 (2008). Second, the claimant must have filed an administrative claim for refund with the IRS for the amount of tax at issue, and third, the claimant must provide to the court the amount, date, and place of each payment to be refunded, as well as a copy of the refund claim. Id.; 26 U.S.C. § 7422(a) ("No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary"); RCFC 9(m).

     By requiring the filing of a refund claim with the IRS first, section 7422(a) of the Internal Revenue Code creates a jurisdictional prerequisite to filing a refund suit in this court that "is designed both to prevent surprise and to give adequate notice to the [IRS] of the nature of the claim and the specific facts upon which it is predicated, [and] thereby permit[] an administrative investigation and determination." Computervision Corp. v. United States, 445 F.3d 1355, 1363 (Fed. Cir. 2006) (citations and internal quotation marks omitted). Even in pro se cases, a plaintiff's failure to plead that a timely refund has been filed deprives the Court of Federal Claims of jurisdiction. Fry, 72 Fed. Cl. at 510; see also Wozniak v. United States, 618 F.2d 119 (Ct. Cl. 1979) (holding that even in a pro se tax suit a timely claim for refund must be filed to invoke the court's jurisdiction). Plaintiff makes no allegation that he filed an administrative claim for a refund with the IRS before instituting this action, nor has plaintiff filed the requisite proof supporting his refund claim. Plaintiff thus has failed to satisfy the jurisdictional prerequisites of sections 7422(a) and RCFC 9(m), and to the extent that plaintiff's claim constitutes a tax refund claim under the Tucker Act, the court lacks jurisdiction to hear it.

      C.     The United States Court of Federal Claims Does Not Have Jurisdiction Over Plaintiff's Illegal Exaction Claim

     Plaintiff also argues that "[t]he Internal Revenue Service violates [the] due process clause of the Fifth Amendment to the Constitution by charging [him] a $400.00 penalty

under the Affordable Care Act" and that "the Due Process Clause of the Fifth Amendment to the United States constitution is money mandating for recovery of illegal exactions." Compl. at 5, 1. Assuming that Mr. Judd's claim is not a tax refund claim, but rather an illegal exaction claim, the court still lacks jurisdiction to hear plaintiff's complaint.

In Norman v. United States, 429 F.3d 1081 (Fed. Cir. 2005), the United States Court of Appeals for the Federal Circuit explained that:

> An illegal exaction, as that term is generally used, involves money that was improperly paid, exacted, or taken from the claimant in contravention of the Constitution, a statute, or a regulation . . . An illegal exaction involves a deprivation of property without due process of law, in violation of the Due Process Clause of the Fifth Amendment to the Constitution. The Court of Federal Claims ordinarily lacks jurisdiction over due process claims under the Tucker Act, but has been held to have jurisdiction over illegal exaction claims when the exaction is based upon an asserted statutory power. To invoke Tucker Act jurisdiction over an illegal exaction claim, a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by necessary implication, that the remedy for its violation entails a return of money unlawfully exacted.

Id. at 1095 (emphasis added) (citations and internal quotation marks omitted). Plaintiff, accordingly, bears the burden of demonstrating that the Affordable Care Act, as "the statute or provision causing the exaction," itself provides—either expressly or by necessary implication—that "the remedy for its violation entails a return of money unlawfully exacted." See id. Plaintiff has made no such allegation. Therefore, the court lacks jurisdiction to hear plaintiff's exaction claim.

D.     Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted

Finally, the court would be remiss—where plaintiff is proceeding pro se—if it did not point out that even if this court had jurisdiction to hear plaintiff's illegal exaction claim, that claim would fail as a matter of law because it rests on the proposition that the penalty for failure to secure insurance coverage was charged and exacted unlawfully. See Compl. at 4 ("Congress does not have authority under the Commerce Clause to command me to purchase [h]ealth [i]nsurance, and therefore cannot charge me a penalty for failure to comply with the illegal mandate.") As highlighted above in Norman, and explained succinctly in Starr International Co., Inc. v. United States, "an illegal exaction claim by its name suggests an illegal action," 121 Fed. Cl. 428, 472 (2015) (emphasis added), whereas the penalty at the heart of plaintiff's complaint has been upheld by the United States Supreme Court to be a lawful exercise of congressional taxing power. Indeed, plaintiff's particular Commerce Clause challenge to the Affordable Care Act's individual

5

mandate has been rendered moot by the Supreme Court's decision in <u>National Federation of Independent Business v. Sebelius</u>, 132 S. Ct. 2566 (2012). In <u>National Federation</u>, the Supreme Court held that, "[t]he commerce power . . . does not authorize the mandate," but that "Congress had the power to impose the exaction in § 5000A under the taxing power, and that § 5000A need not be read to do more than impose a tax. That is sufficient to sustain it." <u>Id</u>. at 2598. Because plaintiff's complaint is premised upon the position that a lawful exercise of congressional taxing power is an unlawful exaction of funds, it fails to state a claim upon which relief can be granted. <u>See</u> RCFC 12(b)(6). Even if this court had jurisdiction over the instant claim, the court would be bound to find accordingly.

> E.    The United States Court of Federal Claims Does Not Have Jurisdiction Over Plaintiff's Tenth Amendment Claim

The remainder of plaintiff's arguments are based on the Tenth Amendment. Plaintiff summarily argues that "under the Tenth Amendment, Congress does not have authority to regulate [h]ealth [i]nsurance in Texas." Compl. at 5. The Tenth Amendment provides that:

> The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

U.S. Const. amend. X. "As a matter of law, [n]othing in the language of [the Tenth] Amendment 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" <u>Fry</u>, 72 Fed. Cl. at 507 (quoting <u>United States v. Mitchell II</u>, 463 U.S. 206, 216 (1983)). Therefore, the court does not have jurisdiction over plaintiff's Tenth Amendment claims.

III.   Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims. Therefore, the court has no alternative but to <u>sua sponte</u> dismiss plaintiff's case for lack of subject-matter jurisdiction. Plaintiff's complaint is **DISMISSED** without prejudice.

IT IS SO ORDERED.

PATRICIA CAMPBELL-SMITH
Chief Judge

6

ORIGINAL

# In the United States Court of Federal Claims

No. 16-01230C

(Filed: November 8, 2016)

|  |  |  |
|---|---|---|
| KEITH RUSSELL JUDD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

FILED

NOV -8 2016

U.S. COURT OF
FEDERAL CLAIMS

### OPINION AND ORDER

CAMPBELL-SMITH, Chief Judge

On November 2, 2016, plaintiff Keith Russell Judd (plaintiff) filed a motion for reconsideration (motion), ECF No. 9, of the court's October 14, 2016 Unreported Opinion and Order, ECF No. 7, dismissing plaintiff's complaint for lack of subject matter jurisdiction. See Rules of the United States Court of Federal Claims (RCFC) 12(b)(1), 59. Thereby, plaintiff "move[d] this court to alter or amend the October 14, 2016, Order and Judgment, and to enjoin the collection of the Affordable Care Act, penalty under 26 U.S.C. § 5000A(g)(1)." Motion at 1.

To prevail on a motion for reconsideration under RCFC 59, the movant must identify a manifest error of law, or mistake of fact. See Shapiro v. Sec'y of Health & Human Servs., 105 Fed. Cl. 353, 361 (2012), aff'd, 503 Fed. Appx. 952 (Fed. Cir. 2013). Specifically, the movant must show: (1) an intervening change in controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of granting the motion to prevent manifest injustice. Id. The court has considerable discretion in ruling on a motion for reconsideration. See Yuba Natural Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). But, granting such relief requires "a showing of extraordinary circumstances." Caldwell v. United States, 391 F.3d 1226, 1235 (Fed. Cir. 2004) cert. denied, 546 U.S. 826 (2005) (citation omitted). "A court, therefore, will not

grant a motion for reconsideration if the movant merely reasserts ... arguments previously made ... all of which were carefully considered by the court." Ammex, Inc. v. United States, 52 Fed. Cl. 555, 557 (2002), aff'd, 384 F.3d 1368 (Fed. Cir. 2004) (internal quotation marks omitted).

Plaintiff's motion for reconsideration is a recitation of arguments previously asserted in his complaint and fully considered by this court in its October 14, 2016 Opinion. Plaintiff does not identify an intervening change in the controlling law, bring forth new evidence that was previously unavailable, or argue that reconsideration is necessary to prevent manifest injustice. Thus, he has failed to identify any error of law or mistake of fact that would warrant reconsideration. See Shapiro, 105 Fed. Cl. at 361. The court addressed its lack of jurisdiction over plaintiff's complaint in its October 14, 2016 Opinion, and plaintiff's present motion provides no legally cognizable basis for reconsideration of that decision.

Accordingly, plaintiff's motion for reconsideration is **DENIED**. Furthermore, plaintiff's request to enjoin collection of the Affordable Care Act penalty is **DENIED** as moot.

The Clerk of the Court is directed to not accept any further pleadings in this case.

IT IS SO ORDERED.

PATRICIA CAMPBELL-SMITH
Chief Judge

APPEAL,CLOSED

# US Court of Federal Claims
## United States Court of Federal Claims (COFC)
## CIVIL DOCKET FOR CASE #: 1:16-cv-01230-PEC

JUDD v. USA
Assigned to: Chief Judge Patricia E. Campbell-Smith
Demand: $10,000
Cause: 28:1491 Tucker Act

Date Filed: 09/29/2016
Date Terminated: 10/18/2016
Jury Demand: None
Nature of Suit: 514 Taking - Other
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**KEITH RUSSELL JUDD**

represented by **KEITH RUSSELL JUDD**
2004 West Golf Course Road
Midland, TX 79701
PRO SE

V.

**Defendant**

**USA**

represented by **Geoffrey Martin Long**
U.S. Department of Justice - Civil
Division (G)
Post Office Box 480
Ben Franklin Station
Washington, DC 20044
(202) 307-0159
Fax: (202) 307-0972
Email: geoffrey.m.long@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/29/2016 | 1 | COMPLAINT against USA (O) (Filing fee $400, Receipt number CFC100002380) (Copy Served Electronically on Department of Justice), filed by KEITH RUSSELL JUDD.Answer due by 12/1/2016. (Attachments: # 1 Civil Cover Sheet)(vds) (Entered: 09/30/2016) |
| 09/29/2016 | 2 | **\*ENTERED IN ERROR..\*\*** ~~NOTICE of Assignment to Judge Victor J. Wolski. (vds)~~ Modified on 9/30/2016 to indicate assignment was entered in error. (dls). (Entered: 09/30/2016) |
| 09/29/2016 | 3 | MOTION for Leave to File Complaint, filed by KEITH RUSSELL JUDD. Service: 9/29/2016.(vds) (Entered: 09/30/2016) |

Appx10

| 09/29/2016 | 4 | ORDER granting 3 Motion for Leave to File Complaint Signed by Chief Judge Patricia E. Campbell-Smith. (vds) Copy to parties. (Entered: 09/30/2016) |
| 09/29/2016 | 5 | NOTICE of Assignment to Chief Judge Patricia E. Campbell-Smith. (dls) (Entered: 09/30/2016) |
| 10/07/2016 | 6 | NOTICE of Appearance by Geoffrey Martin Long for USA. Service: 10/7/2016. (ew) (Entered: 10/07/2016) |
| 10/14/2016 | 7 | UNREPORTED OPINION and ORDER dismissing plaintiff's complaint without prejudice. The Clerk is directed to enter judgment. Signed by Chief Judge Patricia E. Campbell-Smith. (dls) Copy to parties. (Plaintiff served via certified mail; Article No. 7011 0470 0002 5084 3587) (Entered: 10/18/2016) |
| 10/18/2016 | 8 | JUDGMENT entered, pursuant to Rule 58, dismissing plaintiff's complaint without prejudice. (Copy to parties) (dls) (Entered: 10/18/2016) |
| 11/02/2016 | 9 | MOTION for Reconsideration - Rule 59(a) re 7 Unreported Opinion and MOTION to Enjoin Collection of Affordable Care Act Penalty (Response due by 11/21/2016.), filed by KEITH RUSSELL JUDD. Service: 11/2/2016.(ew) (Entered: 11/02/2016) |
| 11/04/2016 | 10 | RESPONSE to 9 MOTION for Reconsideration - Rule 59(a) re 7 Unreported Opinion, MOTION Enjoin Collection of Affordable Care Act Penalty, filed by USA.**Reply due by 11/17/2016.** Service: 11/4/2016.(ew) (Entered: 11/07/2016) |
| 11/08/2016 | 11 | UNREPORTED ORDER denying 9 Motion for Reconsideration - Rule 59(a) ; denying as moot 9 request to enjoin collection of the Affordable Care Act penalty. Signed by Chief Judge Patricia E. Campbell-Smith. (vds) Copy to parties. (Entered: 11/08/2016) |
| 12/12/2016 | 12 | NOTICE OF APPEAL, filed by KEITH RUSSELL JUDD. Filing fee $ 505.00 paid, (receipt number CFC100002578). Copies to judge, opposing party and CAFC. (hw1) # 1 Mailing envelope) (hw1). (Entered: 12/14/2016) |
| 12/20/2016 | | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals for the Federal Circuit re 12 Notice of Appeal (ar) (Entered: 12/20/2016) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/11/2017 17:22:53 | | |
| **PACER Login:** | geofflonggeoff | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:16-cv-01230-PEC |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**KEITH RUSSELL JUDD,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2016-1212

_____

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00586-NBF, Senior Judge Nancy B. Firestone.

_____

## O R D E R

The court considers whether Keith Russell Judd should be subject to significant monetary sanctions for violating the filing restrictions previously imposed on him by this court.

On September 10, 2008, this court issued an order stating that "[i]f Judd files a notice of appeal with the clerk of a district court and seeks review by this court, and if Judd is not represented by counsel, Judd must attach to the notice of appeal a motion for leave to proceed pro se in this court" and that, if Judd appeals a judgment of the Court of Federal Claims, the motion for leave to

proceed pro se "must state why he believes that there is an appealable order or judgment." *Judd v. Obama*, 2008-1278, slip op., at *7-8 (Fed. Cir. Sept. 10, 2008). The court also stated that "Judd is warned that filing a frivolous motion for leave, or failure to file a motion for leave, may subject him to significant monetary sanctions for refusal to comply with this order."

Accordingly,

IT IS ORDERED THAT:

Judd is directed to show cause, within 30 days of the date of filing of this order, why he should not be subject to significant monetary sanctions for failure to file a motion for leave to proceed pro se in compliance with the September 10, 2008 order.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s32

ORIGINAL

FILED

SEP 2 9 2016

U.S. COURT OF
FEDERAL CLAIMS

In the United States Court of Federal Claims

Keith Judd For President of USA, Plaintiff,

No. 16-1230 C

v.

The United States, Defendant.

## Complaint For Damages

Plaintiff, Keith Judd For President of USA, Pro Se, asks for recovery of the $400.00 Penalty that the Internal Revenue Service illegally exacted and retained under the Affordable Care Act, 26 U.S.C. § 5000 A (g)(i), as an illegal exaction, and for Health Care.

## Jurisdiction

This Court has jurisdiction under the Tucker Act, 28 U.S.C. § 1491 for recovery of illegal exactions. Also, 28 U.S.C. § 1346 (a)(i).

The Due Process Clause of the Fifth Amendment to the United States Constitution is Money Mandating for recovery of illegal exactions. Starr v. United States, 106 Fed. Cl. 50, 61 (2012).

It is well-established that the Court of Federal Claims has subject matter jurisdiction over suits seeking to recover "money improperly

(1.)

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 17th day of January, 2017, a copy of the foregoing "Defendant-Appellee's Response To Plaintiff-Appellant's Motion For Summary Reversal, And Motion To Dismiss Or For Summary Affirmance, And Appendix" was filed electronically.

_____ This filing was served electronically to all parties by operation of the Court's electronic filing system.

_X_ A copy of this filing was served via:
      _____ hand delivery
      _X_ mail
      _____ third-party commercial carrier for delivery within 3 days
      _____ electronic means, with written consent of the party being served
to the following address:

Keith Russell Judd
2004 West Golf Course Road
Midland, TX 79701


s/Geoffrey M. Long
GEOFFREY M. LONG
